UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY MAGEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0534** |
| **N. BURL CAIN, WARDEN** | **SECTION "C"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I. Factual and Procedural Background

The petitioner, Jerry Magee ("Magee"), is a convicted prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] January 18, 2002, Magee was charged by bill of information in Jefferson Parish with armed robbery.[3]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 4, Bill of Information, 1/18/02.

The record reflects that, on December 2, 2001, on his way to work for 6:00 a.m., Lloyd Knight stopped to get gas at the Shell station at the corner of Ames Boulevard and the West Bank Expressway across the street from Tina's bar.[4] As he stopped, Magee jumped into his vehicle, put a gun to Knight's head, and told him to drive to the Beechgrove Apartments. Knight was scared by the gun being held to his head, so he complied. On the ride to the apartments, Magee told Knight that he would kill him. After arriving at the apartments, Magee put the gun in Knight's mouth and told Knight he was going to kill him by blowing his brains out. Knight asked that he not be killed, because he had kids. Magee responded, "F- - - your kids. Your kids don't give a f- - - about you." After putting the gun in Knight's mouth again, Magee eventually told him he was not going to kill him. Magee demanded Knight's wallet and said he wanted his car too. After giving Magee his wallet, Knight got out of the car and started running down the Expressway. Knight had about $300 in his wallet at the time of the robbery.

Knight was able to flag down Officer Todd Usey of the Westwego Police Department at a McDonald's parking lot. He told the officer that he was carjacked at gunpoint. Officer Usey advised headquarters of the carjacking after he received a description of Knight's white vehicle. Officer Randy Mason, another Westwego police officer, was advised by radio of the incident. Shortly after receiving the description, Officer Mason saw the car parked at Brothers Food Mart on the Westbank Expressway. Officer Mason pulled up behind the vehicle with his siren and lights on, and Magee ignored him and drove off. Magee attempted to make a U-turn at Bayou Segnette Road; however, a van stopped in front of the car and prevented him from doing so.

---

[4] The facts of the case were taken from the published opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal. *State v. Magee*, 916 So.2d 1178, 1181-82 (La. App. 5th Cir. 2005); St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 05-KA-171, pp. 2-4, 10/6/05.

At that time, Officer Usey left Knight with another officer, and he went to assist Officer Mason who had the car stopped a couple of blocks away. Once the car was stopped, Officer Mason gave verbal commands to Magee to keep his hands in view and get out of the car. Magee had his left hand out of the door and appeared to be reaching under the seat or trying to hide something. Officers Usey and Mason had their weapons drawn.

Magee eventually complied and got out of the car. After handcuffing Magee and securing the car, Officers Usey and Mason approached the vehicle and saw a weapon underneath the seat in partial view. The black revolver had its hammer cocked back in single action mode and was fully loaded.

Knight was brought to the scene and positively identified his car, and the person driving his vehicle as the one who entered his car and pulled a gun on him. Knight's property was found inside of the car. Knight also later testified at trial that the gun was not in the car before Magee got in his car and that he did not own a gun.

Magee was tried before a jury on February 11, 2003, and was found guilty as charged of armed robbery by an eleven to one verdict.[5] The Trial Court sentenced Magee on February 21, 2003, to serve 99 years in prison at hard labor without benefit of parole, probation, or suspension of sentence.[6] The State later filed a multiple bill charging Magee as a fourth or greater felony offender.[7] At a hearing held on May 9, 2003, the Trial Court vacated the prior sentence and re-

---

[5] St. Rec. Vol. 1 of 4, Trial Minutes (2 pages), 2/11/03; St. Rec. Vol. 1 of 4, Jury Verdict, 2/11/03; St. Rec. Vol. 3 of 4, Trial Transcript, 2/11/03.

[6] St. Rec. Vol. 1 of 4, Sentencing Minutes, 2/21/03; St. Rec. Vol. 2 of 3, Sentencing Transcript, 2/11/03.

[7] St. Rec. Vol. 1 of 4, Multiple Bill, 2/26/03.

sentenced Magee as a fourth offender to serve life in prison without benefit of parole, probation, or suspension of sentence.[8]

On August 19, 2003, Magee requested the Trial Court to appoint him appellate counsel.[9] The Trial Court denied the motion that day as untimely filed.[10] Nine months later, on May 7, 2004, the Court granted a motion for leave to file an out of time appeal filed by Magee's trial counsel.[11]

On appeal to the Louisiana Fifth Circuit Court of Appeal, Magee's appointed counsel raised two assignments of error:[12] (1) the Trial Court improperly denied Magee the opportunity to present a defense of voluntary intoxication; and (2) the Trial Court imposed an illegally excessive sentence. On October 6, 2005, the Louisiana Fifth Circuit affirmed Magee's conviction finding no merit to the claims raised. [13] The Court also found that, at the multiple bill sentencing, the Trial Court failed to state that the life sentence was to be served at hard labor and to advise Magee of post-conviction limitation period. The Court remanded the matter for resentencing to correct those errors. The Trial Court resentenced Magee on March 24, 2006.

In the meantime, on October 31, 2005, Magee submitted two writ applications to the Louisiana Supreme Court seeking review of the appellate court's ruling.[14] On September 22, 2006,

---

[8] St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 5/9/03; Reasons for Multiple Bill Sentence, 8/11/03; St. Rec. Vol. 3 of 4, Multiple Bill Hearing Transcript, 5/9/03.

[9] St. Rec. Vol. 1 of 4, Motion for Appointment of Appellate Counsel, 7/18/03 (dated 7/14/03).

[10] St. Rec. Vol. 1 of 4, Trial Court Order, 8/19/03.

[11] St. Rec. Vol. 1 of 4, Minute Entry, 5/7/04; Trial Court Order, 5/7/04; Motion for Out of Time Appeal, 5/4/04.

[12] St. Rec. Vol. 3 of 4, Appeal Brief, 05-KA-171, 3/14/05.

[13] *State v. Magee*, 916 So.2d at 1187; St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 05-KA-171, p.13, 10/6/05.

[14] St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 06-KO-461, 3/2/06 (dated 10/31/05); La. S. Ct. Writ Application, 06-KO-464, 3/2/06 (postal meter 11/1/05, dated 10/31/05); St. Rec. Vol. 1 of 4, La. S. Ct. Letter, 2006-KO-461, 3/2/06 (showing postal meter 11/1/05); La. S. Ct. Letter, 2006-KO-464, 3/2/06 (showing postal meter 11/1/05).

the Louisiana Supreme Court denied both of Magee's writ applications without stated reasons.[15] Magee's conviction became final 90 days later, on December 21, 2006, when he did not file a writ of certiorari with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

## II.     State Post-Conviction Proceedings

Almost one year later, on December 20, 2007, Magee submitted an application for post-conviction relief to the Trial Court alleging the following grounds for relief:[16] (1) he was denied effective assistance of counsel when trial counsel failed to present a defense by failing to fully cross-examine the victim and failing to properly question another witness, failed to have the gun tested by an expert for DNA and fingerprints, failed to emphasize the responsive verdicts to the jury, and failed to mention to the jury that he faced a mandatory life sentence; and (2) he was denied effective assistance of counsel at the multiple bill hearing when counsel did not have knowledge of the case or petitioner's criminal history.

The Trial Court denied relief on January 23, 2008, finding no merit to Magee's first ground under *Strickland v. Washington*, 466 U.S. 668 (1984), and related state law. The Court also determined that Magee's second ground was procedurally improper for post-conviction review, citing La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996). The Court also noted that the multiple offender adjudication and sentence were addressed by the Louisiana Fifth Circuit on direct appeal.

---

[15]*State v. Magee*, 937 So.2d 377 (La. 2006); *State v. Magee*, 937 So.2d 377 (La. 2006); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2006-KO-0461, 9/22/06; La. S. Ct. Order, 2006-KO-0464, 9/22/06.

[16]St. Rec. Vol. 2 of 4, Application for Post-Conviction Relief, 12/26/07 (dated 12/20/07).

5

The Louisiana Fifth Circuit denied Magee's related writ application on May 28, 2008, finding no merit to Magee's first ground under *Strickland* and affirming the Trial Court's imposition of the procedural bar under La. Code Cirm. P. art. 930.3 and *State ex rel. Melinie*.[17] The Louisiana Supreme Court also denied Magee's subsequent writ application without stated reasons on April 13, 2009.[18]

### III. **Federal Petition**

On February 24, 2012, the clerk of this Court filed Magee's petition for federal habeas corpus relief, in which he raised two grounds for relief:[19] (1) he was denied effective assistance of counsel when trial counsel failed to present a defense by failing to fully cross-examine the victim and failing to properly question another witness, failed to have the gun tested by an expert for DNA and fingerprints, failed to emphasize the responsive verdicts to the jury, and failed to mention to the jury that he faced a mandatory life sentence; and (2) he was denied effective assistance of counsel at the multiple bill hearing when counsel did not have knowledge of the case or his criminal history.

In its response in opposition, the State argues that Magee's federal petition was not timely filed and should be dismissed as time barred.[20]

---

[17] St. Rec. Vol. 2 of 4, 5th Cir. Order, 08-KH-181, 3/28/08.

[18] *State ex rel. Magee v. State*, 5 So.3d 157 (La. 2009); St. Rec. Vol. 2 of 4, La. S. Ct. Order, 2008-KH-1529, 4/13/09; La. S. Ct. Writ Application, 08-KH-1529, 7/9/08 (postal metered 6/25/08, dated 6/23/08).

[19] Rec. Doc. No. 1.

[20] Rec. Doc. No. 9.

**IV.    General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[21] applies to this petition, which is deemed filed in this court under the federal mailbox rule on April 24, 2009. The Court is here compelled to explain the delay between this date and the February 24, 2012, file stamp date for Magee's petition.

A review of the Court's records reflects that, on or about April 28, 2009, the clerk of court received for filing the petition submitted by Magee, on which he dated his signature April 24, 2009. The petition was not accompanied by a filing fee or an application to proceed *in forma pauperis*.

On May 4, 2009, the clerk of court wrote a letter to Magee advising him that he needed to pay the $5.00 filing fee or complete an application to proceed *in forma pauperis*, which was provided to him with the letter. According to the records of the clerk of court, Magee did not respond to this notice of deficiency, and his federal habeas petition remained in a correspondence drawer unfiled.[22]

Magee made no effort to contact the clerk's office until almost three years later. On January 18, 2012, the clerk of court received a letter from Magee inquiring of the status of his 2009 submission. The clerk replied advising him that they were unable to locate a case pending under the name provided.

Magee again wrote the clerk on January 26, 2012, with attachments attempting to show that he requested that his petition be mailed to the court on April 24, 2009, and his request to withdraw

---

[21]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22]Copies of the referenced correspondence has been filed into the record under separate order.

the $5.00 fee from his prison account on May 11, 2009. The clerk of court again advised Magee by letter dated February 6, 2012, that payment of the $5.00 filing fee or submission of a pauper application was required before his petition could be filed. On or about Februray 24, 2012, the clerk of court received the filing fee, and Magee's petition was file stamped by the clerk of court on that date.

The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). As noted above, the clerk of court filed Magee's federal habeas petition on February 24, 2012, when the filing fee was paid. Magee dated his signature on the petition on April 24, 2009. According to the attachments to Magee's letter to the clerk of court, this is the date on which he submitted the pleadings to prison officials for mailing.

The Court must consider this three-year-old date, April 24, 2009, to be the date of filing under the mailbox rule pursuant to the ruling in *Spotville*. The fact that he paid the filing fee three years later does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if an inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default"

8

on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State asserts that Magee did not timely file his federal petition. For the reasons below, the Court agrees and finds that Magee's federal petition was not timely filed under the AEDPA.

## V.    **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[23] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As discussed above, Magee's conviction was final on December 21, 2006, which was 90 days after the Louisiana Supreme Court denied his post-appeal writ applications. Under the plain language of § 2244, Magee had one year, or until December 21, 2007, to file a timely federal application for habeas corpus relief, and he failed to do so. Thus, literal application of the statute would bar Magee's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order

---

[23]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

9

for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 122 (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and

must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

In the instant case, Magee's conviction was final on December 21, 2006. The AEDPA filing period began to run the next day, on December 22, 2006, and did so for 363 days, until December 20, 2007, when he submitted his application for post-conviction relief to the state trial court. At that point he had only one day remaining before the one-year AEDPA filing period would expire.

The post-conviction application remained pending through April 13, 2009, when the Louisiana Supreme Court denied Magee's post-conviction writ application. The AEDPA filing period began to run again the next day, April 14, 2009, and ran for two days until April 15, 2009, when it expired without any further state or federal filings from Magee. He did not have any other properly filed state post-conviction or other collateral review pending at that time.

Magee did not submit his federal petition for filing until April 24, 2009, which was nine days after the filing period expired. Missing the deadline by even a few days nevertheless renders the petition untimely. *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002). Magee's federal petition must be dismissed as untimely filed.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file a habeas corpus petition beyond expiration of AEDPA grace period).

In this case, Magee has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling. This doctrine does not apply here.

Magee's federal petition is deemed filed on April 24, 2009, which was nine days after the AEDPA filing period expired on April 15, 2009. Therefore, Magee's federal petition was untimely filed and must be dismissed for that reason.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Jerry Magee's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[24]

New Orleans, Louisiana, this 30th day of May, 2012.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[24]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.